IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DEONDRE CORDELL HIGGINS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Civil Case No. 15-00369-CV-W-ODS |
| | ) | (Crim. Case No. 08-00321-CR-W-ODS) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

<u>ORDER AND OPINION DENYING MOVANT'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255</u>

Pending is Movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Doc. #1. For the following reasons, the motion is denied, and the Court declines to issue a Certificate of Appealability.

I. <u>BACKGROUND AND PROCEDURAL HISTORY</u>

A grand jury indicted Movant on conspiracy to distribute 50 grams or more of crack cocaine (Count I), possession with intent to distribute 50 grams or more of crack cocaine (Count II), and distribution of crack cocaine (Count V). Count II was dismissed on the government's motion. Movant waived his right to a jury trial, and a bench trial was held on September 27, 2010. Plaintiff was represented by Alex McCauley.

Movant was found guilty of Counts I and V. Doc. #200 (Case No. 08-CR-321). The Court specifically found the conspiracy to distribute involved at least 280 grams of crack cocaine. *Id.* at 4. Movant was sentenced to mandatory life imprisonment on Count I, which ran concurrently with his sentence of 360 months imprisonment on Count V.[1] Docs. #293-294 (Case No. 08-CR-321). Movant appealed his convictions and sentences.

---

[1] During these sentencing hearings, Movant chose to represent himself; however, P.J. O'Connor served as standby counsel.

On appeal, Movant was represented by Christine Blegen.  The Eighth Circuit affirmed the convictions for Counts I and V as well as the sentence imposed for Count I, but vacated the sentence imposed for Count V and remanded the matter for re-sentencing on Count V.  *U.S. v. Higgins*, 710 F.3d 839, 844-47 (8th Cir. 2013).  The Eighth Circuit issued its mandate in May 2013.  Doc. #340 (Case No. 09-CR-321).

Upon remand, a resentencing hearing was held, and Movant was again represented by Blegen.  Doc. #376 (Case No. 08-CR-321).  The hearing began on September 20, 2013, but during the hearing, Movant's counsel asked for a continuance to consider case law that Movant was not permitted to bring to the hearing.  *Id.* at 11.  The resentencing hearing continued on November 7, 2013, during which the Court resentenced Movant to 240 months imprisonment for Count V.  Doc. #377, at 13 (Case No. 08-CR-321).  Movant appealed, and the government moved to dismiss the appeal.  The Eighth Circuit dismissed the appeal, and the mandate was issued in July 2014.  Doc. #395-396 (Case No. 08-CR-321).

In May 2015, Movant filed his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  Doc. #1.  In June 2015, the Court granted Movant's request to amend his motion.  Docs. #8, 10-11.  Altogether, Movant raises six grounds for vacating, setting aside, or correcting his sentence.  The government filed its response on July 24, 2015, purporting to attach two affidavits.  Doc. #14.  Movant filed his reply on August 20, 2015.  Doc. #16.

On September 14, 2015, the Court discovered the government had not attached the affidavits to its response.  The Court directed the government to file the affidavits by September 28, 2015, and provided Movant thirty days thereafter to file an amended reply.  Doc. #17.  The government failed to file the affidavits by September 28, 2015.  Instead, without seeking leave to file out of time, the government filed the affidavits on October 19, 2015.  Doc. #18.  No certificate of service accompanied the affidavits.  *Id.*

On November 13, 2015, Movant requested copies of the affidavits, stating he never received the affidavits, and asking for additional time to file his amended reply brief.  Doc. #19. The Court granted Movant's request.  Doc. #20.  Movant filed his amended reply on December 10, 2015.  Doc. #22.  Movant's motion is now ripe for review.

2

## II.   STANDARD

A motion under 28 U.S.C. § 2255 may present a collateral attack to a sentence under the following grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *Hill v. U.S.,* 368 U.S. 424, 426-27, 82 (1962); 28 U.S.C. § 2255(a). A section 2255 motion is not a substitute for direct appeal, and is not designed for complaints regarding simple trial errors. *Poor Thunder v. U.S.,* 810 F.2d 817, 821 (8th Cir. 1987).

## III.   DISCUSSION

### A. Ineffective Assistance of Counsel

Five of the six grounds raised by Movant are based upon his argument of ineffective assistance of counsel. A claim of ineffective assistance of counsel is governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995), *cert. denied*, 517 U.S. 1214 (1996) (quoting *Lawrence v. Armontrout*, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Assuming the performance was deficient, the prejudice prong requires proof that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.

*Id.* (internal citations omitted). Failure to satisfy both prongs is fatal to the claim. *See*

*Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997) (stating there no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness"); *see also DeRoo v. U.S.*, 223 F.3d 919, 925 (8th Cir. 2000).

(1) <u>Failure to Object to Co-Conspirator's Statements and Testimony</u>

Movant argues his trial counsel (McCauley) failed to object to co-conspirator's (Darl Denson) statements prior to trial, during trial, and in closing arguments. Doc. #2, at 18. He contends his counsel should have objected to the co-conspirator statements because they did not qualify for admission under Rule 801(d)(2)(E) of the Federal Rules of Evidence, and Denson cannot be a co-conspirator <u>and</u> a witness. *Id.* at 19; Doc. #16, at 13.

"Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Middleton v. Roper*, 455 F.3d 838, 846 (8th Cir. 2006) (citation omitted). With regard to trial counsel's failure to object to the co-conspirator's statements, Movant has failed to demonstrate that his attorney's representation was deficient.

First, Denson's out-of-court statements are not hearsay because Denson was a co-conspirator. A co-conspirator's out-of-court statements are admissible against Movant if the evidence established (1) a conspiracy existed, (2) the declarant and the defendant were members of the conspiracy, and (3) the statement were made during and in furtherance of the conspiracy. *See U.S. v. Lambros*, 564 F.2d 25, 30 (8th Cir. 1977) (citation omitted). Denson, who was the lead defendant in this matter and pled guilty to conspiracy to distribute crack cocaine, testified during the trial of Movant. Doc. #223, at 122-145 (Case No. 03-CR-321). Among other things, Denson testified that from 2007 to 2008 he sold crack cocaine to Movant on a regular basis, and Movant was selling the crack cocaine to others. *Id.* at 127-133.

Given the testimony at trial, the Court finds that Movant's counsel's decision not to object to co-conspirator's testimony was not "outside the wide range of professionally competent assistance." Further, Movant cannot show a reasonable probability that the

4

outcome would have been different had his attorney objected to Denson's testimony, and therefore, he cannot show prejudice. *DeRoo*, 223 F.3d at 925.

### (2) Failure to Provide Movant with a Defense Against the Conspiracy Charge

Movant also argues that his trial counsel, McCauley, provided ineffective assistance of counsel by failing to provide Movant with a defense against the conspiracy charge. The record reveals that McCauley was not ineffective. Among other things, McCauley filed a motion to suppress that was granted (Docs. #56, 85, 90, 92), filed motions in limine that were granted in part and denied in part (Docs. #129-130, 172, 179, 183, 187), presented an opening statement and a closing argument (Doc. #223, at 9-10, 151-53), cross-examined witnesses at trial (Doc. # 223, at 40-45, 47-48, 53-54, 66-67, 74, 82-83, 101-05, 118-22, 133-41), and submitted proposed findings of fact and conclusions of law at the conclusion of the trial (Docs. #198). Other than the arguments he has set forth in the pending motion, Movant has failed to identify specifically what more McCauley should have done to provide "a defense" to the conspiracy charge against Movant. Upon review of the record, the Court finds that counsel provided competent assistance to Movant, and Movant has failed to set forth a cognizable basis to support his argument, showing that the result of the trial would have been different.

### (3) Failure to File Motion to Recall the Mandate

Movant argues his appellate attorney (Blegen) failed to file a motion to recall the mandate after the Eighth Circuit rendered its first decision in this case. Doc. #2, at 5-7. Additional considerations apply when the claim is that appellate counsel was ineffective.

> When appellate counsel competently asserts some claims on a defendant's behalf, it is difficult to sustain a[n] ineffective assistance claim based on allegations that counsel was deficient for failing to assert some other claims. Because one of appellate counsel's important duties is to focus on those arguments that are most likely to succeed, counsel will not be held to be ineffective for failure to raise every conceivable issue.

*Winters v. U.S.*, 716 F.3d 1098, 2013 (8th Cir. 2013) (quoting *Link v. Luebbers,* 469 F.3d 1197, 1205 (8th Cir. 2006)). This is particularly true if the error that allegedly

5

should have been raised would have been reviewed only for plain error. "Because of…
the reality that effective appellate advocacy often entails screening out weaker issues,
the Sixth Amendment does not require that appellate counsel raise every colorable or
non-frivolous issue on appeal…. The decision to forgo a plain error claim is usually the
result of a reasonable winnowing of weaker appellate claims. Therefore, we rarely
conclude that appellate attorney's performance was constitutionally deficient for not
raising such a claim." *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir. 1998).

Movant argues that once the Supreme Court issued its decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which was decided <u>after</u> the Eighth Circuit's mandate was filed, his attorney should have moved to recall the mandate. Doc. #2, at 5. "The standard for recalling a mandate in habeas corporate litigation is a strict one. The power to recall a mandate should be exercised only in 'extraordinary circumstances.'" *Thompson v. Nixon*, 272 F.3d 1098, 1099-1100 (8th Cir. 2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 550 (1998)). The issuance of a new Supreme Court decision "does not necessarily meet this standard." *Id.* Movant has not shown how this strict standard is met.

Further, the Supreme Court has not declared that *Alleyne* applies retroactively to cases on collateral review. *See Tyler v. Cain*, 533 U.S. 656, 662-63 (2001).[2] *Alleyne* was based on rules first set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Alleyne*, 133 S. Ct. at 2157-63. The Supreme Court has explicitly held that other rules based upon *Apprendi* do not apply retroactively on collateral review, which strongly implies that the *Alleyne* rules should not be applied retroactively either. *See e.g.*, *Shriro*

---

[2] The Eighth Circuit has not determined whether *Alleyne* applies retroactively. *Thompson v. Riley*, 793 F.3d 843, 846 (8th Cir. 2015) (stating "[o]ur court has not held that *Alleyne* applies retroactively…."). Nonetheless, several appellate courts have held that Alleyne does not retroactively apply to challenges to sentences on collateral review. *See e.g.*, *Crayton v. U.S.*, 799 F.3d 623, 624 (7th Cir. 2015); *Butterworth v. U.S.*, 775 F.3d 459, 465 (1st Cir. 2015); *Hughes v. U.S.*, 770 F.3d 814, 818-19 (9th Cir. 2014); *In re Mazzio*, 756 F.3d 487, 489-90 (6th Cir. 2014); *U.S. v. Reyes*, 755 F.3d 210, 212 (3d Cir. 2014); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013). Additionally, Judges in this Court have found that *Alleyne* does not apply retroactively to challenges to sentences on collateral review. *See Canton v. U.S.*, Case No. 13-CV-308-FJG, 2014 WL 4266577, at * 3 (W.D. Mo. Aug. 29, 2014); *Ervin v. U.S.*, Case No. 13-CV-5103-DGK, 2014 Wl 856526, at * 5 (W.D. Mo. Mar. 5, 2014).

6

*v. Summerlin*, 542 U.S. 348, 358 (2004). Because the Supreme Court is silent on any retroactive application of *Alleyne*, Movant is not entitled to relief under *Alleyne*.

Finally, Plaintiff's sentence was based upon the application of 28 U.S.C. §§ 841 and 851. Nothing in the *Alleyne* decision, even if it were retroactive, modified the manner in which these statutes are applied. For all of these reasons, Movant's attorney was not ineffective in failing to recall the Eighth Circuit's mandate.

(4) Failure to Present Arguments that Movant's Sentence Violated *Alleyne*

Movant also argues his attorney (Blegen) failed to raise an argument at resentencing to reduce his Count I based upon *Alleyne*. Doc. #2, at 8-11. He argues that *Alleyne* renders his Count I sentence unconstitutional, and Blegen should have presented said arguments at his resentencing. *Id.* at 9. As set forth above, Movant's resentencing was limited to Count V; the Eighth Circuit had affirmed his sentence for Count I. Additionally, Movant is not entitled to relief under *Alleyne*. For these reasons, Movant's attorney was not ineffective in failing to present arguments that Movant's sentence under Count I violated *Alleyne.*

(5) Failure to Raise *Ex Post Facto* Violation

Movant argues that his appellate counsel, Blegen, was ineffective for failing to argue that the Fair Sentencing Act of 2010 was an *ex post facto* law. The Constitution's *ex post facto* clause forbids application of a law or rule that increases punishment to preexisting criminal conduct. U.S. Const. Art. 1, § 9, cl. 3; *see Collins v. Youngblood*, 497 U.S. 37, 42 (1990) (citation omitted) (holding "any statute which punishes as a crime an act previously committed…which makes more burdensome the punishment for a crime, after its commission…is prohibited as *ex post facto.*"). "The *ex post facto* clause is violated when a law defining a crime or increasing punishment for a crime is applied to events that occurred before its enactment, to the 'disadvantage' of the offender." *U.S. v. Carter*, 490 F.3d 641, 643 (8th Cir. 2007) (citations omitted).

7

The Fair Sentencing Act, however, does not increase punishment for a crime. The Fair Sentencing Act reduced the crack-to-powder-cocaine disparity in sentencing, requiring a conspiracy of greater than 280 grams, rather than the prior standard of greater than 50 grams, for an imprisonment term of twenty years to life. *See U.S. v. Goodrich*, 754 F.3d 569, 571-72 (8th Cir. 2014). Movant does not point to any portion of the Fair Sentencing Act that increased punishment for the crimes he committed. Accordingly, Movant's attorney was not ineffective in failing to raise *ex post facto* violations.[3]

## B. Constitutionality of Mandatory Life Sentence

Movant makes two arguments pertaining to the constitutionality of his mandatory minimum life sentence under Count I. Doc. #2, at 16. Movant first argues he should have been charged with conspiring to distribute 280 grams or more of crack cocaine, pursuant to the Fair Sentencing Act of 2010 ("FSA"). This issue, however, has already been addressed by the Eighth Circuit in Movant's first appeal. *Higgins*, 710 F.3d at 846. The Eighth Circuit found that, despite the retroactive application of the FSA, Higgins had to "do more than prove that his indictment was technically defective." *Id*. Higgins had to prove the defect "seriously affected the fairness and integrity of the judicial proceedings." *Id*. (citations omitted). The Eighth Circuit determined that Higgins did not do so, overruling his argument on appeal. *Id*. Because this issue was already raised and decided on direct appeal, it cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255. *See e.g., Bear Stops v. U.S.*, 339 F.3d 777, 780 (8th Cir. 2003) (quoting *U.S. v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981)). Thus, Movant's argument fails, and this basis for this motion is denied.

Second, Movant contends his sentence violates *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Movant argues that the amount of drugs that resulted in an increased mandatory minimum sentence – that is, 280 grams of crack cocaine – should have been set forth in the indictment, which only set forth 50 grams. Doc. #2, at 16-17. As

---

[3] To the extent Movant alleges an *ex post facto* violation based upon *Alleyne*, that argument fails for the same reasons his other arguments based upon *Alleyne* fail.

8

discussed above, the Supreme Court has not declared that *Alleyne* applies retroactively to cases on collateral review. *Tyler*, 533 U.S. at 662-63 (2001). Moreover, the Supreme Court has held that rules based upon *Apprendi* – such as the rule set forth by *Alleyne* – do not apply retroactively on collateral review. *Shriro*, 542 U.S. at 358.

## IV. EVIDENTIARY HEARING

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo–Lopez v. U.S.,* 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation and citation omitted). "No hearing is required, however, 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Id.* (quoting *Watson v. U.S.,* 493 F.3d 960, 963 (8th Cir. 2007)); *see also Winters v. U.S.,* 716 F.3d 1098, 1103 (8th Cir. 2013) (holding a section 2255 motion may be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact). As discussed above, Movant's claims do not entitle him to relief. Consequently, no evidentiary hearing is required or will be held.

## V. CERTIFICATE OF APPEALABILITY

On this date, the Court has denied Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. To appeal, Movant must first obtain a Certificate of Appealability. The Court customarily issues an Order addressing the Certificate of Appealability contemporaneously with the order on the Petition because the issues are fresh in the Court's mind and efficiency is promoted. *See* Rule 11(b), Rules Governing Section 2254/2255 Proceedings.

A Certificate of Appealability should be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a movant to demonstrate "that reasonable jurists could debate whether (or, for

that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation omitted). The Court has considered Movant's claims and concludes that a Certificate of Appealability should be denied with respect to all issues raised.

VI. CONCLUSION

The Motion to Vacate, Set Aside, or Correct Sentence is denied. The Court declines to issue a Certificate of Appealability.

IT IS SO ORDERED.

DATE: January 5, 2016

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT