IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

DEONDRE CORDELL HIGGINS,          )
                                  )
            Movant,               )
                                  )
vs.                               )     Case No. 15-00369-CV-W-ODS
                                  )     Crim. No. 08-00321-03-CR-W-ODS
UNITED STATES OF AMERICA,         )
                                  )
            Respondent.           )

## ORDER DENYING MOVANT'S MOTION TO SET ASIDE JUDGMENT

Pending is Movant's Motion to Set Aside the Denial of His 28 U.S.C. § 2255 Motion.
Doc. #30.  For the following reasons, the motion is denied.


## I.     BACKGROUND

After a bench trial, Movant was found guilty of conspiracy to distribute more than 50
grams of crack cocaine (Count One), and distribution of crack cocaine (Count Five).  Case
No. 08-CR-321-03 (Doc. #200).  He was sentenced to a mandatory life sentence for Count
One, to run concurrently with a sentence of 360 months' imprisonment for Count Five.  *Id.*
(Doc. #284).  Movant appealed, and on remand, Movant was resentenced to 240 months'
imprisonment on Count One.  *Id.* (Doc. #370).

In May 2015, Movant initiated this matter, filing a motion to vacate, set aside, or
correct his sentence pursuant to 28 U.S.C. § 2255.  Doc. #1.  On January 5, 2016, the
Court denied Movant's motion, and denied the issuance of a certificate of appealability.
Doc. #23.  Movant appealed the Court's decision to the Eighth Circuit Court of Appeals,
asking the Eighth Circuit to grant him a certificate of appealability.  *Higgins v. United States*,
Case No. 16-1257.  In April 2016, the Eighth Circuit denied Movant's request.  Doc. #28.
Movant then filed a petition for writ of certiorari with the United States Supreme Court.
*Higgins v. United States*, Case No. 16-6066.  In October 2016, the Supreme Court denied
his request, and in January 2017, the Supreme Court denied Movant's request for
rehearing.

Currently before the Court is Movant's motion, filed in July 2017, asking to set aside
the Court's January 5, 2016 Order denying Movant's section 2255 claims.  He contends the

Court's Order should be set aside because the Court allegedly failed to consider one of the grounds for relief in his 2255 motion.

## II.    STANDARD

A "court may relieve a party or its legal representative from a final judgment, order, or proceeding" when the "judgment is void." Fed. R. Civ. P. 60(b)(4). A judgment is void "if the rendering court lacked jurisdiction or acted in a manner inconsistent with due process." *Baldwin v. Credit Based Asset Servicing & Securitization*, 516 F.3d 734, 737 (8th Cir. 2008) (citations omitted).

## III.    DISCUSSION
### A.  Timeliness of Movant's Motion

Respondent contends Movant's motion to set aside should be denied because it was not made within a reasonable time. A Rule 60(b)(4) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). "What constitutes a reasonable time is dependent on the particular facts of the case in question and is reviewed for abuse of discretion. *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999) (citation omitted).

The Court's January 5, 2016 Order was mailed to Movant when it was filed. He does not argue he did not receive it shortly after January 5, 2016. The basis for Movant's current motion – i.e., the Court's alleged failure to address one of the grounds for relief in his section 2255 motion – was readily apparent on the face of the Order when it was issued. Yet, Movant waited more than eighteen months to file this motion seeking to set aside that Order. Nothing prevented him from filing his current motion until July 2017. Accordingly, the Court finds Movant's motion was not made within a reasonable time. *See, e.g.*, *Rosas v. United States*, No. 07-4097, 2011 WL 4015590, at *4 (N.D. Iowa Sept. 9, 2011) (finding a Rule 60(b) motion was not made within a reasonable time when the petitioner waited one year and ten months to file his motion when the basis of the claims were readily apparent when the court issued the order petitioner challenged); *United States v. McAdory*, No. 05-6092, 2011 WL 2580102, at *2 (D. Minn. June 29, 2011) (finding a Rule 60(b) motion was not brought within a reasonable time when the petitioner waited two years to file his motion based upon an argument that was readily apparent when the order sought to be set aside was issued). For this reason, Movant's motion is denied.

**B. Merits of Movant's Motion**

Even if the Court were to deem the pending motion timely, Movant failed to present extraordinary circumstances for disturbing the Court's January 5, 2016 Order. "Relief under Rule 60(b) is an extraordinary remedy, since exceptional circumstances must exist to justify intrusion into the sanctity of a final judgment." *Watkins*, 169 F.3d at 544 (internal quotations and citations omitted). "In the habeas context, such extraordinary circumstances rarely occur." *Davis v. Kelley*, 855 F.3d 833, 835 (8th Cir. 2017) (internal quotations and citation omitted).

Movant argues the January 5, 2016 Order should be set aside because the Court did not consider his argument that his trial counsel was ineffective for failing to object to a co-conspirator's statements. As is clear from the January 5, 2016 Order, the Court considered Movant's claim that his trial counsel was ineffective by failing to object to a co-conspirator's statements. Doc. #23, at 4-5. The Court specifically found Movant failed to establish his trial counsel's conduct was outside the wide range of professional competent assistance, and Movant failed to show a reasonable probability that the outcome would have been different had his attorney objected to the co-conspirator's testimony. *Id.* Because the Court considered the very argument that Movant maintains the Court did not consider, the pending motion is without merit. For this additional reason, Movant's motion is denied.

## IV. CONCLUSION

For the foregoing reasons, Movant's motion is denied. Because the Court determined Movant is not entitled to relief, his request for an evidentiary hearing is denied. Additionally, to the extent Movant is also asking the Court to issue a certificate of appealability, the Court declines to do so for the reasons set forth in the Court's January 5, 2016 Order, and the reasons set forth above.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
DATE: October 17, 2017                     ORTRIE D. SMITH, SENIOR JUDGE
                                           UNITED STATES DISTRICT COURT