IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DEONDRE CORDELL HIGGINS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 15-00369-CV-W-ODS |
| | ) | Crim. No. 08-00321-03-CR-W-ODS |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER DENYING MOVANT'S SECOND MOTION TO SET ASIDE JUDGMENT**

Pending is Movant's Second Motion to Set Aside the Denial of his 28 U.S.C. § 2255 Motion. Doc. #44. For the following reasons, the motion is denied.

## I.   BACKGROUND

In May 2015, Movant initiated this matter, filing a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #1. On January 5, 2016, the Court denied Movant's motion, and denied the issuance of a certificate of appealability. Doc. #23. Movant appealed the Court's decision to the Eighth Circuit Court of Appeals, asking the Eighth Circuit to grant him a certificate of appealability. In April 2016, the Eighth Circuit denied Movant's request. Doc. #28. Movant then filed a petition for writ of certiorari with the United States Supreme Court. In October 2016, the Supreme Court denied his request, and in January 2017, the Supreme Court denied Movant's request for rehearing.

Movant previously filed a motion to set aside in July 2017. Doc. #30. Therein, he argued the Court failed to consider Ground Four of his section 2255 motion. In October 2017, the Court denied the motion, finding it was untimely, and even if the Court deemed the motion timely, it failed on its merits because the Court considered Ground Four of Movant's section 2255 motion. Doc. #40.

Currently before the Court is another motion to set aside. Movant now contends the Court's January 5, 2016 Order should be set aside because the Court allegedly failed to consider his claim contained in Ground Three of his section 2255 motion.

## II. STANDARD

A "court may relieve a party or its legal representative from a final judgment, order, or proceeding" when the "judgment is void." Fed. R. Civ. P. 60(b)(4). A judgment is void "if the rendering court lacked jurisdiction or acted in a manner inconsistent with due process." *Baldwin v. Credit Based Asset Servicing & Securitization*, 516 F.3d 734, 737 (8th Cir. 2008) (citations omitted).

## III. DISCUSSION

### A. Timeliness of Movant's Motion

Respondent contends Movant's motion to set aside should be denied because it was not made within a reasonable time. A Rule 60(b)(4) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). "What constitutes a reasonable time is dependent on the particular facts of the case in question and is reviewed for abuse of discretion." *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999) (citation omitted).

The Court's January 5, 2016 Order was mailed to Movant when it was filed. He does not argue he did not receive it shortly after January 5, 2016. The basis for Movant's current motion – i.e., the Court's alleged failure to address one of the grounds for relief in his section 2255 motion – was readily apparent on the face of the Order when it was issued. Yet, Movant waited more than eighteen months to file this motion seeking to set aside that Order. Nothing prevented him from filing his current motion until December 2017. Accordingly, the Court finds Movant's motion was not made within a reasonable time. *See, e.g.*, *Rosas v. United States*, No. 07-4097, 2011 WL 4015590, at *4 (N.D. Iowa Sept. 9, 2011) (finding a Rule 60(b) motion was not made within a reasonable time when the petitioner waited nearly two years to file his motion when the basis of the claims were readily apparent when the court issued the order petitioner challenged); *United States v. McAdory*, No. 05-6092, 2011 WL 2580102, at *2 (D. Minn. June 29, 2011) (finding a Rule 60(b) motion was not brought within a reasonable time when the petitioner waited two years to file his motion based upon an argument readily apparent when the order sought to be set aside was issued). For this reason, Movant's motion is denied.

### B. Merits of Movant's Motion

Even if the Court were to deem the pending motion timely, Movant failed to present extraordinary circumstances for disturbing the Court's January 5, 2016 Order. "Relief under

Rule 60(b) is an extraordinary remedy, since exceptional circumstances must exist to justify intrusion into the sanctity of a final judgment." *Watkins*, 169 F.3d at 544 (internal quotations and citations omitted). "In the habeas context, such extraordinary circumstances rarely occur." *Davis v. Kelley*, 855 F.3d 833, 835 (8th Cir. 2017) (internal quotations and citation omitted).

Movant argues the January 5, 2016 Order should be set aside because the Court did not consider his claim that the mandatory minimum life sentence under Count One is unconstitutional. Contrary to Movant's argument, the Court considered Ground Three of Movant's section 2255 motion. Ground Three, which alleged Movant's mandatory life sentence was unconstitutional, was considered and addressed in the Court's January 5, 2016 Order. Doc. #23, at 8-9. Because the Court considered the very argument that Movant now argues the Court did not consider, the pending motion is without merit. For this additional reason, Movant's motion is denied.

## IV. CONCLUSION

For the foregoing reasons, Movant's motion is denied. Because the Court determined Movant is not entitled to relief, his request for an evidentiary hearing is denied. Additionally, to the extent Movant is asking the Court to issue a certificate of appealability, the Court declines to do so for the reasons set forth in the Court's January 5, 2016 Order, and the reasons set forth above.

IT IS SO ORDERED.

DATE: February 6, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT